# EXHIBIT A

**General Civil and Domestic Relations Case Filing Information Form**

ID# 2021-0131595-CV
**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66

OCT 07, 2021 04:10 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

☑ **Superior** or ☐ **State Court of** Cobb _____ **County**

| **For Clerk Use Only** | |
| --- | --- |
| **Date Filed** 10-07-2021 | **Case Number** 21107533 |
| MM-DD-YYYY | |

**Plaintiff(s)**

Sutton, Melisha

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

**Defendant(s)**

The Wendy's Company

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

Wendy's Restaurant #104

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

Clausen, Linda L

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

**Plaintiff's Attorney** Greene, Reginald     **Bar Number** 308674     **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                     **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____     **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

ID# 2021-0131589-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

21107533

Angela Brown - 66
OCT 07, 2021 04:10 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

MELISHA SUTTON     )
           )
   Plaintiff,    )
           )
v.          )  CIVIL ACTION FILE NO.
           )
           )  JURY TRIAL DEMAND
THE WENDY'S COMPANY   )
WENDY'S RESTAURANT #104, and )
LINDA L. CLAUSEN    )
           )
   Defendant.   )

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Melisha Sutton ("Plaintiff"), by and through her undersigned attorney, and files this Complaint for Damages against The Wendy's Company ("Wendy's"), Wendy's Restaurant # 104 ("Wendy's #104"), and Linda L. Clausen ("Clausen") (collectively "Defendants").  Plaintiff shows this Honorable Court as follows:

**1.**

This action arises from an incident that occurred on October 10, 2019, in which Plaintiff sustained bodily injuries after slipping and falling on a wet floor at the Wendy's Restaurant located at 11121 Tara Blvd., Hampton, GA 30228 ("Restaurant").

## PARTIES, JURISDICTION, AND VENUE

**2.**

Plaintiff is a resident of the state of Georgia, residing in Henry County, and willfully avails herself of the jurisdiction and venue of this Court.

**3.**

Wendy's is foreign corporations organized under the laws of Delaware with their principal office at One Dave Thomas Blvd., Dublin, Ohio 43017.

**4.**

Wendy's may be served with a copy of this Complaint and the Summons upon their Registered Agent, United Agent Group Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia, 30066.

**5.**

Wendy's #104 is a restaurant operating in the state of Georgia and may be served with a copy of this Complaint and Summons upon a manger at 11121 Tara Blvd., Hampton, Georgia 30228.

**6.**

Linda L. Clausen is a resident of the state of California, residing in Santa Clara County, and may be served with a copy of this Complaint and the Summons at 596 Anza Street, Mountain View, California 94041.

**7.**

Jurisdiction and venue are proper in this Court.

**FACTUAL ALLEGATIONS**

**8.**

Upon information and belief, Defendants owned, managed, and/or operated the Restaurant.

2

**9.**

On or about October 10, 2019, Plaintiff was a lawful invitee on the premises of the Restaurant.

**10.**

On the same date, Plaintiff slipped and fell on water on the floor at the Restaurant.

**11.**

There was no warning or caution signs alerting Plaintiff of the slipping hazard at the Restaurant.

**12.**

Defendants had actual or constructive knowledge that there was a slipping hazard in the area of the Restaurant where Plaintiff slipped and fell.

**13.**

Plaintiff had no reason to know that there was a slipping hazard on the premises of the Restaurant and had no time to discover the dangerous condition prior to falling.

**14.**

Plaintiff was neither an employee nor agent of Defendants.

### COUNT I
**(Negligence)**

**15.**

Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 15 of this Complaint as if fully set forth herein verbatim.

**16.**

At all times relevant to this Complaint, Defendants owned, managed, and/or operated the Restaurant.

**17.**

Defendants, as owner, manager, and/or operator of the Restaurant, invited the general public, including Plaintiff, on to the premises of the Restaurant.

**18.**

On October 10, 2019, Plaintiff was a lawful invitee at the Restaurant.

**19.**

Defendants owed Plaintiff a duty to exercise ordinary care in keeping the premises and approaches of the Restaurant reasonably safe.

**20.**

Defendants breached their duty of care by, among other things, recklessly and/or negligently: (a) failing to properly maintain the Restaurant, (b) failing to clean up the water within a reasonable time, (c) failing to warn of the dangerous condition at the Restaurant, and (d) failing to otherwise exercise ordinary care with respect to the matters alleged in this Complaint.

**21.**

Plaintiff was without equal or greater knowledge of the dangerous condition that existed at the Restaurant or was prevented from discovering it because the Defendants did not have any warning or caution signs.

**22.**

As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff has suffered and continues to suffer bodily injuries, great pain of body and mind, medical expenses, and other general and special damages.

**23.**

As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff can reasonably be expected to incur future medical expenses, in an amount to be shown at trial, as well as future loss of enjoyment of life.

**24.**

The sole proximate cause of Plaintiff's injuries, losses, and damages was the negligence and/or recklessness of Defendants and Defendants are liable to Plaintiff.

**25.**

At all times relevant to this Complaint, Plaintiff was in no way negligent or reckless, and no conduct on her part directly or proximately caused or contributed in any way to any of her injuries, losses, or damages.

**26.**

All of the injuries, losses, and damages to Plaintiff, past, present, and prospective were, are, and will be due to the negligence of Defendants without contributory negligence on the part of Plaintiff.

**27.**

Plaintiff did not have the injuries described in her Complaint before she fell on Defendants' premises at the Restaurant.

**28.**

Plaintiff's medical treatment was reasonable, necessary and consistent with the injuries that she suffered as a direct and proximate result of Defendants' negligence.

**29.**

As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff incurred special and general damages to be proven at trial.

### PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

(a)     that summons be issued and service be had upon Defendants;

(b)     that this matter be tried before an impartial jury of twelve persons;

(c)     that judgment be entered against Defendants and in favor of Plaintiff and that Plaintiff be awarded general and special damages in such amounts as to be determined at trial by a fair and impartial jury of twelve persons;

(d)     that Plaintiff be awarded the costs and expenses of bringing and prosecuting this action, including reasonable attorney fees; and

(e)     for all such other relief which this Honorable Court deems just and proper.

Respectfully submitted, this 7th day of October, 2021.

                                        **GREENE LEGAL GROUP LLC**

                                        By: */s/ Reginald A. Greene*
                                        Reginald A. Greene
                                        Georgia Bar No. 308674
                                        Jasmine M. Cobbs
                                        Georgia Bar No. 117912
                                        Attorneys for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

ID# 2021-0131594-CV
**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
OCT 07, 2021 04:10 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

# SUPERIOR COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21107533</u>

$214.00 COST PAID

Sutton, Melisha

_____

**PLAINTIFF**

**VS.**

The Wendy's Company
Wendy's Restaurant #104
Clausen, Linda L

_____

**DEFENDANTS**

**SUMMONS**

TO: CLAUSEN, LINDA L

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Reginald Greene**
> **Greene Legal Group LLC**
> **600 W Peachtree Street, Suite 605**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of October, 2021.**

Clerk of Superior Court

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

ID# 2021-0131592-CV
⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
OCT 07, 2021 04:10 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

# SUPERIOR COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21107533</u>

$214.00 COST PAID

Sutton, Melisha

_____

**PLAINTIFF**

**VS.**

The Wendy's Company
Wendy's Restaurant #104
Clausen, Linda L

_____

**DEFENDANTS**

**SUMMONS**

TO: THE WENDY'S COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Reginald Greene**
> **Greene Legal Group LLC**
> **600 W Peachtree Street, Suite 605**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of October, 2021.**

Clerk of Superior Court

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

Page 1 of 1

ID# 2021-0131593-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
OCT 07, 2021 04:10 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

# SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21107533</u>

$214.00 COST PAID

Sutton, Melisha

_____

**PLAINTIFF**

**VS.**

The Wendy's Company
Wendy's Restaurant #104
Clausen, Linda L

_____

**DEFENDANTS**

**SUMMONS**

TO: WENDY'S RESTAURANT #104

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Reginald Greene**
> **Greene Legal Group LLC**
> **600 W Peachtree Street, Suite 605**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of October, 2021.**

Clerk of Superior Court

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

Page 1 of 1

ID# 2021-0131596-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
OCT 07, 2021 04:10 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT

CASE NUMBER   __21107533__

**Sutton, Melisha** _____
                        Plaintiff

                Vs.

**The Wendy's Company; Wendy's Restaurant #104; Clausen, Linda L**
                Defendant

### TYPE OF ACTION

- o Divorce without Agreement Attached
- o Divorce with Agreement Attached
- o Domestic Relations
- o Damages Arising out of Contract
- ✔ Damages Arising out of Tort
- o Condemnation
- o Equity
- o Zoning – County Ordinance Violations (i.e., Injunctive Relief-Zoning)
- o Zoning Appeals (denovo)
- o Appeal, Including denovo appeal – excluding Zoning

- o URESA
- o Name Change
- o Other
- o Recusal
- o Adoption

### PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court (Whether pending simultaneously or not)?

- ✔ NO
- o YES – If yes, please fill out the following:

    1. Case # _____

    2. Parties _____

    3. Assigned Judge _____

    4. Is this case still pending?    o   Yes    o   No

    5. Brief description of similarities:

/S/   __Greene, Reginald__ _____

                                    Attorney or Party Filing Suit

ID# 2021-0131590-CV
**⊕ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
**OCT 07, 2021 04:10 PM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

MELISHA SUTTON                      )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )          CIVIL ACTION FILE NO.
                                    )
                                    )          JURY TRIAL DEMAND
THE WENDY'S COMPANY                 )
WENDY'S RESTAURANT #104, and        )
LINDA L. CLAUSEN                    )
                                    )
         Defendant.                 )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

COMES NOW, Melisha Sutton ("Plaintiff"), by and through her undersigned attorney, and files Plaintiff's First Interrogatories to Defendants The Wendy's Company ("Wendy's") and Wendy's Restaurant ("Wendy's #104"), and Linda L. Clausen ("Clausen") collectively known as ("Defendants") pursuant to O.C.G.A. § 9-11-33.  Defendants are required to answer these interrogatories ("Interrogatories") separately, fully, and in writing, under oath, and to serve a copy of Defendants' responses upon the undersigned within forty-five (45) days from the time said Interrogatories are served upon it.  These Interrogatories encompass and the answers hereto are to include and are to be based upon information and knowledge in the possession of or gathered by Defendants, their agents, attorneys and servants, and all other persons who have investigated or gathered information concerning the subject matter of this litigation at the request of or on the behalf of Defendants except such information and knowledge which falls within any bona fide claim of privilege.

Defendants are under a duty to supplement the answers to these Interrogatories in accordance with the provision of O.C.G.A. § 9-11-26(e) as additional information becomes available.

## DEFINITION OF TERMS

When used in these Interrogatories, the following words shall have the following meanings:

1.     The terms "you" or "your", or "Defendant(s)" shall refer to and include Wendy's, Wendy's #104, and Clausen, their agents, servants, employers, associates, investigators, attorneys, representatives and all others who may have obtained information for or on behalf of it.

2.     The term "identify", or when stated as "state the identity of…" in reference to:

a.  A natural person means:

(i)    His/her full name and present or last known telephone number;

(ii)   His/her present or last known business and residence address;

(iii)  His/her present or last known occupation and position;

(iv)   His/her present or last known employer or business affiliation; and,

(v)    His/her occupation or position at the time in question as specified in the particular interrogatory.

b.  An entity means:

(i)    Its full and complete name;

(ii)   Its type of entity (i.e., corporation, partnership, unincorporated association, trade name, etc.); and,

(iii)  Its location of principal place of business, or mailing address.

2

3.      The term the "Incident" shall refer to the incident that occurred on October 10, 2019, in which Plaintiff sustained serious bodily injuries after slipping and falling on a wet floor at the Wendy's Restaurant located at 11121 Tara Blvd., Hampton, GA 30228 (the "Restaurant").

Subject to the foregoing instructions, Plaintiff propounds upon Defendants the following interrogatories:

### INTERROGATORIES

1.      Please identify the person or persons responding to these Interrogatories on your behalf.  Please identify in your answer each person who has provided information in connection with these Interrogatory answers.

2.      Please identify your legal entity.  In doing so, please identify the following:

a.      the date on which such entity was formed;

b.      The state of incorporation;

c.      The county in which your legal entity is located; and,

d.      The names and addresses of all officers, directors, general partners, limited partners, and/or any other parties in your organization.

3.   Please identify all owners, operators, managers and/or persons or entities in control of the Restaurant.

4.      Please identify all your employees that were supervising, controlling, managing, and/or maintaining in any capacity regarding the Restaurant at the time of the Incident.  If there was any change in such employees, please identify all parties related to the change.

5.      Please identify all emails exchanged between you and any other person or entity in reference to the Incident.  Please include the date, recipients, and authors, along with an identification and description of the email.  If you refuse to produce the emails, please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or

request an in camera inspection, if needed.  Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

6.      Please identify anyone who witnessed the Incident or was at the scene of Incident within twenty-four (24) hours before and after the Incident.

7.      Please identify each person who has given any written or recorded statements, information, or otherwise has been interviewed in reference to the Incident.  For each such person, state the date of the interview, the substance of the interview, and whether or not the interview was recorded and/or transcribed.

8.      Please identify any and all persons and entities who have any pictures, photographs, visual recorded images, motion pictures, maps, drawings, diagrams, measurements, police reports, or descriptions related to or concerning the events and happenings alleged in reference to the Incident or Plaintiff's physical or mental condition, or of the scene of the Incident.  If any such material exists, identify the following:

     a.      The persons responsible for such materials;

     b.      The creation dates of such materials;

     c.      The locations related to such materials; and,

     d.      All the information contained in such materials.

9.      Please identify any and all persons and entities who have investigated the Incident, including but not limited to medical experts, private investigators or insurance adjusters, and, in doing so, state the name, address, and whether such investigation was reduced to writing, and the substance of thereto.

10.     Please state whether you believe that you did everything that you could to prevent any person, including any invitees, from sustaining the injuries which Plaintiff sustained in the Incident at the time of the Incident.  In doing so, describe everything you did to avoid the occurrence of the Incident, and state each and every fact on which you base your answer on, and identify each and every document which supports that answer.

11.     Please identify all individuals who maintain the premises at the Restaurant, including any and all maintenance workers employed or hired by you, from 2015 until the present date.

12.     Please describe the lighting, both artificial and natural, of the area in question at the time of the Incident.

13.     Please state whether you contend that any person or entity other than yourself caused or contributed to the Incident.  In your answer, identify the relevant party, state each and every relevant fact which you base your contention on, and identify each and every relevant document or information thereto.

14.     Please state whether you think Plaintiff, or any such invitee, knew or should have known that the area in which she was boarding at the time of the Incident was not safe.  Set forth all facts upon which you intend to rely at trial to support your answer.

15.     Please state whether you believe that a reasonably prudent person in the same circumstances should have been able to maintain his/her balance and avoid the fall.  Set forth all facts which support your conclusion.

16.     Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person or entity, did or failed to do which in any way contributed to the Incident and/or any of Plaintiff's injuries.

17.     Please identify specifically each and every statute, ordinance, regulation, rule, code or industry standard of any kind which you will rely upon in support of any of your defenses in this lawsuit.

18.     Please state the factual basis for each affirmative defense raised in response to Plaintiff's Complaint for Damages.

19.     Please identify all documentary, or other tangible evidence, not previously identified or produced which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

20.     Please state whether there was any safeguard plan or procedure prior to, on, and subsequent to the date of the Incident in an effort to keep the premises of the Shuttle safe.

21.     Please identify any changes that were implemented or made as a result of the Incident and the first time you were made aware of such changes.

22.     Please state whether any tapes or recordings with footages were taken during the occurrence of the Incident or within sixty (60) minutes of the Incident.  If you answer yes, please identify the present custodian(s) of such tapes or recordings.

23.     Please identify any and all similar incidents on the Shuttle premises, including premises in which you own, not limiting your answer to the State's boundaries in which the Incident occurred, for a period of five (5) years prior to the Incident, up to the present date.  Be sure to make reference to documents in your response to this Interrogatory.

24.     Please identify any person whom you contacted as a witness or potential witness in this case.

25.     Please identify any person whom you expect to call or may call as an expert at trial. Please be sure to include the following:

     a.   The specific subject matter on which you expect such witnesses to testify;

     b.   The substance of the facts, opinions, and conclusions which you expect such witnesses to testify; and,

     c.   The grounds for each such opinion or conclusion.

**26.**    Please identify each person you retained or specially employed in the anticipation of litigation or preparation for trial that you do not expect to call as a witness at trial.

**27.**    Please identify any insurance agreement(s) under any insurance company or another party which may be liable to satisfy part or all of any judgment which may be entered in this action, or to indemnify or reimburse you for payments made to satisfy the judgment.  In answering, be sure to include the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against Defendants.  This request includes all primary, excess, or umbrella policies.

**28.**    Please state whether there were any liability insurance policies in force covering the Premises relative to the Incident.  If so, for each such policy identify the following:

     a.   The name of the company issuing the policy;

     b.   The policy number; and,

     c.   The monetary limits of the policy for personal injuries and other categories of damages.

Respectfully submitted, this 7th day of October, 2021.

                                        **GREENE LEGAL GROUP LLC**

                                        By: */s/ Reginald A. Greene*
                                        Reginald A. Greene
                                        Georgia Bar No. 308674
                                        Jasmine M. Cobbs
                                        Georgia Bar No. 117912
                                        Attorneys for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4309
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

ID# 2021-0131591-CV
**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
**OCT 07, 2021 04:10 PM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

MELISHA SUTTON          )
          )
    Plaintiff,         )
          )
v.          )    CIVIL ACTION FILE NO.
          )
          )    JURY TRIAL DEMAND
THE WENDY'S COMPANY    )
WENDY'S RESTAURANT #104, and )
LINDA L. CLAUSEN      )
          )
    Defendant.      )

### PLAINTIFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANTS

COMES NOW, Melisha Sutton ("Plaintiff"), by and through her undersigned attorney, and files Plaintiff's First Request for Production of Documents (this "Production Request") to Defendants The Wendy's Company ("Wendy's") and Wendy's Restaurant ("Wendy's #104"), and Linda L. Clausen ("Clausen") collectively known as ("Defendants").

Pursuant to O.C.G.A. § 9-11-34, Plaintiff requests that within forty-five (45) days from the date you are served with this request that you provide Plaintiff's attorney, whose address is Greene Legal Group LLC, Reginald A. Greene, Esq., One Georgia Center, Suite 605, 600 W. Peachtree Street, N.W., Atlanta, Georgia 30308 with true and unadulterated copies of the following documents in your custody, control or possession, or in the custody, control or possession of your attorneys, agents, and/or representatives.  In lieu of production of originals of such documents, legible photocopies may be substituted and produced.

### DEFINITION OF TERMS

When used in this Production Request, the following words shall have the following meanings:

1.     The terms "you," "your," or "Defendant(s)" shall refer to and include Wendy's, Wendy's #104, and Clausen, their agents, servants, employers, associates, investigators, attorneys, representatives and all others who may have obtained information for or on behalf of it.

2.     The term "communication" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, telephonic or electronic recording, etc.

3.     The terms "document" or "documents," or any synonym thereof, shall be defined in the broad and liberal sense and mean to include every record of every type, of all written, typed, printed, recorded, or graphic matter of any kind and description, however produced or reproduced, and whether original, master duplicate, or copy, including, but not limited to, papers, notes, accounts, books, advertisements, catalogs, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda (whether interoffice or otherwise), notations, letter communications (whether interoffice or otherwise), reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, plans, specifications, graphs, writings, drawings, sketches, photographs, phone records, films, videotapes, voice recordings, moving pictures, survey, agreements, working papers, corporate records, minutes of Board of Directors or committee meetings, books of account, ledger books, notebooks, diaries, diary entries, vouchers, bank checks, cashier's checks, money orders, check stubs, checking account records, receipts, office manuals, appraisals, evaluations, lists, journals, public relation releases, applications, invoices, desk calendars, appointment books, assignments, repair estimates, hospital records, medical records, medical invoices, statements, bills, orders, licenses, witness statements, transcripts, stenographic or handwritten materials, purchase orders, publications, periodicals,

brochures, schedules, circulars, bulletins, notices, instructions, manuals, notes or transcriptions of or about telephone conversations, transcriptions or minutes of meetings, data sheets, work sheets, statistical compilations, data processing cards, computer records, computer tapes and print-outs, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably useable form, and any summary of any of the foregoing.  Said terms shall also mean and include things similar to any of the foregoing, and all other papers, writings, or physical/tangible things containing information, including all preliminary drafts of the same or marginal notes appearing thereon, including every additional copies of the foregoing where such copies contain any commentary, notation, or other change whatsoever that does appear on the original or copy of the same.

4.      The term the "Incident" shall refer to the incident that occurred on October 10, 2019, in which Plaintiff sustained serious bodily injuries after slipping and falling on a wet floor at the Wendy's Restaurant located at 11121 Tara Blvd., Hampton, GA 30228 (the "Restaurant").

5.      The terms "person" or "persons" shall include any natural human being, association, firm, partnership, corporation, estate or other legal entity.

## **INSTRUCTIONS**

**1.**      <u>Objections Based on Privilege</u>.  In the event that any requested documents herein are withheld under a claim of privilege, provide the following information with respect to each such document:

(a)      The type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

(b)      The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)      The type of privilege claimed;

(d)      A statement of the circumstances which bear on whether the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or merely to part of the document or thing;

(e)      The number of each specific document request to which the withheld documents is responsive; and

(f)      If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff request that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

**2.**      <u>Organization of Documents</u>.   All documents produced in response to this Production Request shall be organized and labeled to correspond with the number of the responsive Requests to Produce.

## **REQUESTS TO PRODUCE**

By way of the individually enumerated requests below, Defendants are hereby directed to produce the following:

**1.**      Please produce any and all documents, files, photographs, recordings, films, videos, tapes, charts, sketches, graphs, drawings, and diagrams identified or referred to in your responses to Plaintiff's First Interrogatories to you.

**2.**      Please produce copies of any recorded video surveillance of the Incident, or of the area where the Incident occurred, which was recorded within thirty (30) minutes before and after the Incident.

**3.**      Please produce copies of any and all recorded video surveillance footage of Plaintiff.

**4.**      Please produce any and all documents used during the preparation of your responses to Plaintiff's First Interrogatories to you or which you have identified, used, or referred to.

**5.**      Please produce every document, note, report, or any other written material that is prepared, relied on, created, or referenced by any person who Defendants expect to testify as an expert witness, including physicians, regardless of whether such testimony will be oral, written, or by deposition which relate to the Incident or this action.  Include any documents containing the names and addresses for any such expert witness.

**6.**      Please produce any and all documents reflecting payment to each expert that Defendants intend to call at trial, including payments to any organization with which the expert is or has been associated with in the last ten (10) years.

**7.**      Please produce any and all documents containing a summary of qualifications or curriculums vitae for each expert Defendants intend or expects to testify at the trial, including any textual material upon which any such experts shall rely.

**8.**      Please produce any and all written or recorded statements taken of any witnesses to the Incident, which includes all documents containing their names and addresses.

9.      Please produce any and all written or recorded statements taken of any person contacted as potential witnesses in this case, which includes all documents containing their names and addresses.

10.      Please produce any and all documents which relate in any way to the Incident.

11.      Please produce any and all documents relating to any investigation conducted by Defendants, or anyone acting on behalf of Defendants, which pertains to the Incident and this action or relates to injuries or damages Plaintiff has sustained.

12.      Please produce any and all investigational materials and documents created or used, which have not already been made available or included by the preceding number of this Request and that are not privileged.

13.      Please produce any and all press releases in the possession of you or your counsel related to the Incident and this action.

14.      Please produce any and all documents that contain, embody, refer to or relate in any way to the relationship between Defendants and their officers, directors, employees, agents, representatives or other parties to this action, including any conversations, discussions or communications.

15.      Please produce any and all invoices, receipts, or documents not otherwise requested either in this Request or the Interrogatories, which relate to this action and the Incident.

16.      Please produce any and all contracts, agreements, documents, or primary and supplemental insurance policies which relate to coverage of the Premises at the time of the Incident and to any parties related to this action.

17.     Please produce a certified copy of the declaration page pertaining to the liability coverage or excess coverage applicable to the business Defendants were operating on the Premises at the time of the Incident.

Respectfully submitted, this 7th day of October, 2021.

**GREENE LEGAL GROUP LLC**

By: */s/ Reginald A. Greene*
Reginald A. Greene
Georgia Bar No. 308674
Jasmine M. Cobbs
Georgia Bar No. 117912
Attorneys for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

7

ID#2021-0132694-CV

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

**Angela Brown - 66**
**OCT 11, 2021 01:21 PM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON
Plaintiff,

VS.

CIVIL ACTION FILE NO. 21107533

THE WENDY'S COMPANY, WENDY'S RESTAURANT #104,
AND LINDA L. CLAUSEN
Defendants.

## AFFIDAVIT OF SERVICE UPON THE WENDY'S COMPANY

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of FRANK L. SWINDLE -
PROCESS SERVER, who after first being duly sworn, and states:

1.  My name is FRANK L. SWINDLE - PROCESS SERVER, and I am competent in all respects to testify regarding the matter
    set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in
    the outcome of the above action and I am not related to any of the parties.

2.  I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one
    (21). I have been appointed as Process Server in the SUPERIOR COURT OF COBB COUNTY and I have been assigned
    in the above styled case to perfect service of process of the pending Summons and Complaint upon THE WENDY'S
    COMPANY.

3.  On Oct 8, 2021 at approx. 2:46 pm at the 2985 GORDY PKWY 1ST FLOOR, MARIETTA, GA 30066 address, I served the
    pending SUMMONS AND COMPLAINT FOR DAMAGES (JURY TRIAL DEMAND), PLAINTIFF'S FIRST REQUEST FOR
    PRODUCTION OF DOCUMENTS TO DEFENDANTS, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS upon THE
    WENDY'S COMPANY, by leaving said service documents with Xiomara Moctezuma who is a designated
    representative of CORPORATE CREATIONS NETWORK, INC. the Registered Agent for THE WENDY'S COMPANY, and is
    authorized to accept service of process on behalf of CORPORATE CREATIONS NETWORK, INC. the Registered Agent
    for THE WENDY'S COMPANY.

This 09th of October, 2021.

_____
FRANK L. SWINDLE - PROCESS SERVER

Sworn to and subscribe before me
This 09th of October, 2021

_____
Notary Public,
My commission expires on _____ Oct. 22, 2022 _____

Hakimah Hudson
NOTARY PUBLIC
DeKalb County, GEORGIA

ID#2021-0132696-CV
**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
OCT 11, 2021 01:21 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

MELISHA SUTTON
Plaintiff,

VS.

CIVIL ACTION FILE NO. 21107533

THE WENDY'S COMPANY, WENDY'S RESTAURANT #104,
AND LINDA L. CLAUSEN
Defendants.

## AFFIDAVIT OF SERVICE UPON WENDY'S RESTAURANT #104

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of FRANK L. SWINDLE -
PROCESS SERVER, who after first being duly sworn, and states:

1. My name is FRANK L. SWINDLE - PROCESS SERVER, and I am competent in all respects to testify regarding the matter
   set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in
   the outcome of the above action and I am not related to any of the parties.

2. I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one
   (21). I have been appointed as Process Server in the SUPERIOR COURT OF COBB COUNTY and I have been assigned
   in the above styled case to perfect service of process of the pending Summons and Complaint upon WENDY'S
   RESTAURANT #104.

3. On Oct 8, 2021 at approx. 4:39 pm at the 11121 TARA BLVD, HAMPTON, GA 30228 address, I served the pending
   SUMMONS AND COMPLAINT FOR DAMAGES (JURY TRIAL DEMAND), PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
   OF DOCUMENTS TO DEFENDANTS, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS upon WENDY'S
   RESTAURANT #104, by leaving said service documents with an African American Female, black hair, brown eyes,
   approx. 5'8" tall, approx. 20-25 yrs. of age, approx. 140lbs. who answered and identified herself as Takiya Phillips,
   Store manager.

This 09th of October, 2021.

FRANK L. SWINDLE - PROCESS SERVER

Sworn to and subscribe before me
This 09th of October, 2021

Notary Public,
My commission expires on _____ OCt. 22, 2022

Hakimah Hudson
NOTARY PUBLIC
DeKalb County, GEORGIA

ID# 2021-0140477-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

21107533
Angela Brown - 66
OCT 27, 2021 12:04 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

# RETURN OF SERVICE

**State of Georgia**                    **County of Cobb**                    Superior Court

Case Number: 21107533

Plaintiff:
**Sutton, Melisha**

vs.

Defendant:
**The Wendy's Company; et al**

Received by We Serve NJ LLC on the 8th day of October, 2021 at 10:17 am to be served on **Linda L. Clausen, 596 Anza St., Mountain View, CA 94041**.

I, Gary Genest, do hereby affirm that on the **8th day of October, 2021** at **12:12 pm, I:**

I served the following documents **Summons; Complaint; Plaintiff's First Interrogatories to Defendants; Plaintiff;s First Request for Production of Documents to Defendants**

 I personally served the following person at the address, date and time stated: **Linda L. Clausen,  596 Anza St., Mountain View, CA 94041,**

**Description** of Person Served: Age: 70, Sex: f, Race/Skin Color: cauc, Height: 5'4", Weight: 120, Hair: grey, Glasses: n

Under penalty of perjury I certify that I am over the age of 18, have no interest in the above action, and am a Registered Process Server, in good standing, in the State of California, County of Santa Clara.

**Gary Genest**
1560

**We Serve NJ LLC**
**500 King St**
**Staten Island, NY 10312**
**(800) 637-1805**

Our Job Serial Number: COP-2021011711
Service Fee: _____

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V7.2g

ID# 2021-0134999-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
OCT 15, 2021 11:24 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

MELISHA SUTTON              )
                                   )
      Plaintiff,            )
                                   )
v.                               )     CIVIL ACTION FILE NO. 21107533
                                   )
                                   )     JURY TRIAL DEMAND
THE WENDY'S COMPANY   )
WENDY'S RESTAURANT #104, and  )
LINDA L. CLAUSEN         )
                                   )
      Defendant.          )

## <u>NOTICE OF LEAVE OF ABSENCE</u>

COMES NOW, Reginald A. Greene, and respectfully notifies all Judges before whom he has cases pending, all affected clerks of Court and all opposing counsel, that he will be on leave pursuant to Uniform Court Rule 16. The periods of leave during which time applicant will be away from the practice of law are as follows: October 18, 2021 through and including October 22, 2021; November 22, 2021 through and including November 26, 2021 and; December 20, 2021 through and including December 24, 2021. The purpose for the leave is for personal family vacation or out-of-state legal conferences, as the case may be. All affected Judges and opposing counsel shall have ten days from the date of this Notice to object to it. If no objections are filed, then leave shall be granted.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 15th day of October, 2021.

**GREENE LEGAL GROUP LLC**

By: *__/s/ Reginald A. Greene__*
Reginald A. Greene
Georgia Bar No. 308674
Attorney for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com

ID# 2021-0132695-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
OCT 11, 2021 01:21 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

# RETURN OF SERVICE

State of Georgia                    County of Cobb

Case Number: 21107533

Plaintiff:
**Sutton, Melisha**

vs.

Defendant:
**The Wendy's Company; et al**

Received by We Serve NJ LLC on the 8th day of October, 2021 at 10:17 am to be served on **Linda L. Clausen, 596 Anza St., Mountain View, CA 94041**.

I, Gary Genest, do hereby affirm that on the **8th day of October, 2021** at **12:12 pm, I**:

I served the following documents **Summons; Complaint; Plaintiff's First Interrogatories to Defendants; Plaintiff;s First Request for Production of Documents to Defendants**

I personally served the following person at the address, date and time stated: **Linda L. Clausen, 596 Anza St., Mountain View, CA 94041,**

**Description** of Person Served: Age: 70, Sex: f, Race/Skin Color: cauc, Height: 5'4", Weight: 120, Hair: grey, Glasses: n

Under penalty of perjury I certify that I am over the age of 18, have no interest in the above action, and am a Registered Process Server, in good standing, in the State of California, County of Santa Clara.

**Gary Genest**
1560

**We Serve NJ LLC**
**500 King St**
**Staten Island, NY 10312**
**(800) 637-1805**

Our Job Serial Number: COP-2021011711
Service Fee: _____

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V7.2g

ID# 2021-0143134-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
NOV 02, 2021 04:08 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON,

     Plaintiff,

v.

THE WENDY'S COMPANY,
WENDY'S RESTAURANT #104, and
LINDA L. CLAUSEN,

     Defendants.

CIVIL ACTION FILE NO.

21107533

---

### JOINT STIPULATION FOR EXTENSION OF TIME TO FILE ANSWER

---

COME NOW, **Plaintiff and Defendants**, by and through their undersigned counsel, and hereby stipulate and agree that the time for Defendant Linda L. Clausen to answer or otherwise respond to Plaintiff's Complaint for Damages is extended through and including November 19, 2021.

Respectfully submitted this 2nd day of November, 2021.

PREPARED BY:

**HALL BOOTH SMITH, P.C.**

*/s/ Jacquelyn Smith Clarke*
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

*Counsel for Defendants*

CONSENTED TO BY:

**GREENE LEGAL GROUP LLC**

*/s/ Jasmine M. Cobbs*
(with expressed permission by Jacquelyn Smith Clarke)
REGINALD A. GREENE
Georgia Bar No. 308674
JASMINE M. COBBS
Georgia Bar No. 117912

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing **JOINT STIPULATION FOR EXTENSION OF TIME TO FILE ANSWER** upon counsel for all parties by electronically filing the same with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, GA 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This <u>2nd</u> day of <u>November</u>, 2021.

*/s/ Jacquelyn Smith Clarke*
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145

*Counsel for Defendants*

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com

ID# 2021-0154312-CV
⊛ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
NOV 29, 2021 03:30 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

MELISHA SUTTON,

      Plaintiff,

v.

THE WENDY'S COMPANY,
WENDY'S RESTAURANT #104, and
LINDA L. CLAUSEN,

      Defendants.

CIVIL ACTION FILE NO.

21107533

## JOINT CONSENT MOTION FOR SUBSTITUTION OF PARTIES

COME NOW, **PLAINTIFF AND DEFENDANT LINDA L. CLAUSEN** [hereinafter the "Parties"], named in the above-styled civil action, and hereby consent to substitute Defendant Linda L. Clausen with Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

1.

Plaintiff's Complaint and Summons were properly and timely served on Defendant Linda L. Clausen.

2.

Plaintiff's Complaint and Summons served on Defendant Linda L. Clausen shall be deemed served on Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

3.

Service of Plaintiff's Complaint on Defendant Linda L. Clausen shall be answered by Defendant Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust, within thirty (30) days, from the date of the Court's order granting this Motion. Defendant Linda L.

Clausen, as Trustee of the James G. and Renee M. Levratto Trust, shall have thirty (30) days, from the date of the Court's order granting this Motion, to submit any initial responsive pleadings.

4.

Plaintiff's discovery to Defendant Linda L. Clausen shall be responded to by Defendant Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust, within forty-five (45) days from the date of the Court's order granting this Motion.

5.

Defendant Linda L. Clausen agrees that, at the times relevant to Plaintiff's Complaint, The James G. and Renee M. Levratto Trust owned the property on which the subject Wendy's restaurant is located.

6.

Defendant Linda L. Clausen agrees that she does not have different or greater insurance coverage that applies to this lawsuit beyond the policy(ies) in place for Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

7.

Both Plaintiff and Defendant Linda L. Clausen hereby consent to this Motion, and to the substitution of parties. The style of the case shall reflect the above changes.

WHEREFORE, the Parties move this Court to enter an order to substitute Defendant Linda L. Clausen with Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

[signatures on following page]

This <u>29th</u> day of <u>November</u>, 2021.

PREPARED BY:

**HALL BOOTH SMITH, P.C.**

*/s/ Michael V. Profit*
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

*Counsel for Defendants*

CONSENTED TO BY:

**GREENE LEGAL GROUP LLC**

*/s/ Jasmine M. Cobbs*
(with express permission by Michael V. Profit)
REGINALD A. GREENE
Georgia Bar No. 308674
JASMINE M. COBBS
Georgia Bar No. 117912

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing **JOINT CONSENT MOTION FOR SUBSTITUTION OF PARTIES** upon counsel for all parties by electronically filing the same with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This 29th day of November, 2021.

/s/ *Michael V. Profit*
MICHAEL V. PROFIT
Georgia Bar No. 359175

*Counsel for Defendants*

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
mprofit@hallboothsmith.com

ID# 2021-0143646-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
NOV 03, 2021 02:11 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON,

     Plaintiff,

v.

THE WENDY'S COMPANY,
WENDY'S RESTAURANT #104, and
LINDA L. CLAUSEN,

     Defendants.

CIVIL ACTION FILE NO.

21107533

---

## JOINT STIPULATION REGARDING DEFENDANTS
## THE WENDY'S COMPANY AND WENDY'S RESTAURANT #104'S
## ANSWERS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

---

COME NOW, **Plaintiff and Defendants** [hereinafter "the Parties"], by and through their undersigned counsel, and hereby stipulate and agree that currently-named Defendants The Wendy's Company and Wendy's Restaurant #104 are not required to file answers to Plaintiff's Complaint for Damages. The Parties further stipulate that no default judgment shall result from the absence of an answer, from either The Wendy's Company or Wendy's Restaurant #104, to Plaintiff's Complaint. *See* O.C.G.A. § 9-11-55.

In accordance with the Parties' Joint Consent Motion for Substitution of Parties, if granted by the Court, proposed substituted Defendant Wen Georgia, LLC, d/b/a Wendy's of Georgia shall file by December 2, 2021 an answer to Plaintiff's Complaint. In the event the Parties' Joint Consent Motion is denied by the Court, Defendants The Wendy's Company and Wendy's Restaurant #104 shall have thirty (30) days, from the date of the Court's order, to answer Plaintiff's Complaint and file any initial responsive pleadings.

Respectfully submitted this <u>3rd</u> day of <u>November</u>, 2021.

PREPARED BY:

**HALL BOOTH SMITH, P.C.**

*/s/ Jacquelyn Smith Clarke*
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
<u>jclarke@hallboothsmith.com</u>
<u>mprofit@hallboothsmith.com</u>

*Counsel for Defendants*

CONSENTED TO BY:

**GREENE LEGAL GROUP LLC**

*/s/ Jasmine M. Cobbs*
(with expressed permission by Jacquelyn Smith Clarke)
REGINALD A. GREENE
Georgia Bar No. 308674
JASMINE M. COBBS
Georgia Bar No. 117912

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
<u>rgreene@greenelegalgroup.com</u>
<u>jcobbs@greenelegalgroup.com</u>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing **JOINT STIPULATION REGARDING DEFENDANTS THE WENDY'S COMPANY AND WENDY'S RESTAURANT #104'S ANSWERS TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon counsel for all parties by electronically filing the same with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys of record:

> Reginald A. Greene, Esq.
> Jasmine M. Cobbs, Esq.
> GREENE LEGAL GROUP LLC
> One Georgia Center, Suite 605
> 600 West Peachtree Street, N.W.
> Atlanta, GA 30308
> rgreene@greenelegalgroup.com
> jcobbs@greenelegalgroup.com

This 3rd day of November, 2021.

> */s/ Jacquelyn Smith Clarke*
> JACQUELYN SMITH CLARKE
> Georgia Bar No. 827145
>
> *Counsel for Defendants*

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com

- 3 -

ID# 2021-0151431-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
NOV 18, 2021 04:07 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON,

     Plaintiff,

v.

THE WENDY'S COMPANY,
WENDY'S RESTAURANT #104, and
LINDA L. CLAUSEN,

     Defendants.

CIVIL ACTION FILE NO.

21107533

---

### JOINT STIPULATION FOR EXTENSION OF TIME TO
### FILE ANSWER AND RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

---

**COME NOW**, Plaintiff and Defendants, by and through their undersigned counsel, and hereby stipulate and agree that the time for Defendant Linda L. Clausen to answer or otherwise respond to Plaintiff's Complaint for Damages is further extended, through and including December 2, 2021. Plaintiff and Defendants further stipulate and agree that the time for Defendant Linda L. Clausen to respond to Plaintiff's First Interrogatories and First Request for Production of Documents is extended through and including December 17, 2021.

Respectfully submitted this 18th day of November, 2021.

[signatures on following page]

PREPARED BY:

**HALL BOOTH SMITH, P.C.**

*/s/ Michael V. Profit*
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

*Counsel for Defendants*

CONSENTED TO BY:

**GREENE LEGAL GROUP LLC**

*/s/ Jasmine M. Cobbs*
(with expressed permission by Michael V. Profit)
REGINALD A. GREENE
Georgia Bar No. 308674
JASMINE M. COBBS
Georgia Bar No. 117912

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing **JOINT STIPULATION FOR EXTENSION OF TIME TO FILE ANSWER AND RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS** upon counsel for all parties by electronically filing the same with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This 18th day of November, 2021.

*/s/ Michael V. Profit*
MICHAEL V. PROFIT
Georgia Bar No. 359175

*Counsel for Defendants*

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
mprofit@hallboothsmith.com

ID# 2021-0154312-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
NOV 29, 2021 03:30 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

### IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

MELISHA SUTTON,

      Plaintiff,

v.

THE WENDY'S COMPANY,
WENDY'S RESTAURANT #104, and
LINDA L. CLAUSEN,

      Defendants.

CIVIL ACTION FILE NO.

21107533

---

### JOINT CONSENT MOTION FOR SUBSTITUTION OF PARTIES

---

COME NOW, **PLAINTIFF AND DEFENDANT LINDA L. CLAUSEN** [hereinafter the "Parties"], named in the above-styled civil action, and hereby consent to substitute Defendant Linda L. Clausen with Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

1.

Plaintiff's Complaint and Summons were properly and timely served on Defendant Linda L. Clausen.

2.

Plaintiff's Complaint and Summons served on Defendant Linda L. Clausen shall be deemed served on Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

3.

Service of Plaintiff's Complaint on Defendant Linda L. Clausen shall be answered by Defendant Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust, within thirty (30) days, from the date of the Court's order granting this Motion. Defendant Linda L.

Clausen, as Trustee of the James G. and Renee M. Levratto Trust, shall have thirty (30) days, from the date of the Court's order granting this Motion, to submit any initial responsive pleadings.

4.

Plaintiff's discovery to Defendant Linda L. Clausen shall be responded to by Defendant Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust, within forty-five (45) days from the date of the Court's order granting this Motion.

5.

Defendant Linda L. Clausen agrees that, at the times relevant to Plaintiff's Complaint, The James G. and Renee M. Levratto Trust owned the property on which the subject Wendy's restaurant is located.

6.

Defendant Linda L. Clausen agrees that she does not have different or greater insurance coverage that applies to this lawsuit beyond the policy(ies) in place for Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

7.

Both Plaintiff and Defendant Linda L. Clausen hereby consent to this Motion, and to the substitution of parties. The style of the case shall reflect the above changes.

WHEREFORE, the Parties move this Court to enter an order to substitute Defendant Linda L. Clausen with Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

[signatures on following page]

This <u>29th</u> day of <u>November</u>, 2021.

PREPARED BY:

**HALL BOOTH SMITH, P.C.**

*/s/ Michael V. Profit*
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

*Counsel for Defendants*

CONSENTED TO BY:

**GREENE LEGAL GROUP LLC**

*/s/ Jasmine M. Cobbs*
(with express permission by Michael V. Profit)
REGINALD A. GREENE
Georgia Bar No. 308674
JASMINE M. COBBS
Georgia Bar No. 117912

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing **JOINT CONSENT MOTION FOR SUBSTITUTION OF PARTIES** upon counsel for all parties by electronically filing the same with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This 29th day of November, 2021.

/s/ Michael V. Profit
MICHAEL V. PROFIT
Georgia Bar No. 359175

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
mprofit@hallboothsmith.com

*Counsel for Defendants*

ID# 2021-0154806-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
NOV 30, 2021 10:12 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

### IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

MELISHA SUTTON,

    Plaintiff,

v.

WEN GEORGIA, LLC, d/b/a WENDY'S OF
GEORGIA, and
LINDA L. CLAUSEN, as Trustee of the James
G. and Renee M. Levratto Trust,

    Defendants.

CIVIL ACTION FILE NO.

21107533

---

### PROPOSED ORDER GRANTING SUBSTITUTION OF PARTIES

---

Currently before the Court is Plaintiff and Defendant Linda L. Clausen's Joint Consent Motion for Substitution of Parties. Having reviewed the parties' Motion, it is hereby **GRANTED**. Defendant Linda L. Clausen will be substituted with Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

All Complaints and Summons served on Linda L. Clausen shall be deemed served on Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust.

The style of the case, set forth in this Order, shall reflect the above changes.

**SO ORDERED** this 29 day of November, 2021.

 

_____

**Angela Z. Brown**, Judge
Superior Court of Cobb County
Cobb Judicial Circuit

Respectfully submitted this <u>29th</u> day of <u>November</u>, 2021.

PREPARED BY:

**HALL BOOTH SMITH, P.C.**

*/s/ Michael V. Profit*
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

CONSENTED TO BY:

**GREENE LEGAL GROUP LLC**

*/s/ Jasmine M. Cobbs*
<u>(with expressed permission by Michael V. Profit)</u>
REGINALD A. GREENE
Georgia Bar No. 308674
JASMINE M. COBBS
Georgia Bar No. 117912

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing

**PROPOSED ORDER ON CONSENT MOTION FOR SUBSTITUTION OF PARTIES**

upon counsel for all parties by electronically filing the same with the Clerk of Court through

PeachCourt, which will automatically send an e-mail notification of such filing to the following

attorneys of record:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This <u>29th</u> day of <u>November</u>, 2021.

*/s/ Michael V. Profit*
MICHAEL V. PROFIT
Georgia Bar No. 359175

*Counsel for Defendants*

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
mprofit@hallboothsmith.com

ID# 2021-0156243-CV
⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
DEC 02, 2021 01:10 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON,

      Plaintiff,

v.

THE WENDY'S COMPANY,
WENDY'S RESTAURANT #104, and
LINDA L. CLAUSEN, AS TRUSTEE OF THE
JAMES G. AND RENEE M. LEVRATTO
TRUST,

      Defendants

CIVIL ACTION FILE NO.

21107533

---

### SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANTS THE WENDY'S COMPANY and WENDY'S RESTAURANT #104

---

COME NOW, **THE WENDY'S COMPANY and WENDY'S RESTAURANT #104** (hereinafter "Defendant Wendy's" or "Defendant Wendy's #104," or "Defendants"), improperly named as Defendants in the above-styled civil action and appearing specially, and file this Special Appearance Answer and Affirmative Defenses to Plaintiff's Complaint.

By filing this Special Appearance Answer, Defendants submit that Wen Georgia, LLC, d/b/a Wendy's of Georgia is the proper party in place of Defendants. A Joint Consent Motion for Substitution of Parties, filed November 2, 2021 with the Court, has been submitted to effectuate this procedural change. Defendants file this Answer out of an abundance of caution and to avoid a default judgment, while the parties' Consent Motion is pending.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's alleged damages may have been directly and proximately caused by her own contributory and/or comparative negligence, and failure to exercise ordinary care.

## THIRD DEFENSE

No act or omission on the part of these Defendants, or any agent or employee of these Defendants, proximately caused the harm of which Plaintiff complains.

## FOURTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 51-11-7, as Plaintiff had the last clear chance to avoid injury by exercising ordinary care.

## FIFTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(1), due to the absence of subject matter jurisdiction over the events of this suit.

## SIXTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(2), due to the absence of personal jurisdiction over the named Defendants.

## SEVENTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(3), due to improper venue.

## EIGHTH DEFENSE

Defendants hereby raise all other affirmative defenses contained in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b).

## NINTH DEFENSE

Defendants hereby raise the affirmative defenses contained in O.C.G.A. § 51-3-1, as Plaintiff was not an invitee at the time of the alleged incident and Defendants upheld the applicable standard of care.

## TENTH DEFENSE

By way of response and answer to the specific allegations contained in Plaintiff's Complaint against these Defendants, and subject to all defenses set forth, these Defendants show this Court as follows:

1.

Defendants admit that the alleged incident allegedly giving rise to Plaintiff's Complaint occurred on October 10, 2019 at the Wendy's restaurant located at 11121 Tara Boulevard, Hampton, Georgia 30228. Defendants deny all other allegations contained in Paragraph 1 of Plaintiff's Complaint.

## PARTIES, JURISDICTION, AND VENUE

2.

Defendants are without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint, and state that Defendant Wendy's is not a proper party to this action and should be named "Wen Georgia, LLC, d/b/a Wendy's of Georgia."

- 3 -

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint, and state that Defendant Wendy's is not a proper party to this action and should be named "Wen Georgia, LLC, d/b/a Wendy's of Georgia."

5.

Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, and state that Defendant Wendy's #104 is not a proper party to this action and should be named "Wen Georgia, LLC, d/b/a Wendy's of Georgia."

6.

Defendants are without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8.

Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants are without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants are without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants are without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## COUNT I
**(Negligence)**

15.

Defendants incorporate herein their responses to Paragraphs 1 through 14 of Plaintiff's Complaint, as if stated verbatim.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants are without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants are without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants are without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendants are without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

To the extent the Paragraph starting with "Wherefore," following Paragraph 29 in Plaintiff's Complaint for Damages, requires a response, Defendants deny the allegations therein, including all subparts, as well as any other allegations contained in Plaintiff's Complaint not otherwise addressed herein.

Defendants deny any and all allegations not specifically admitted in this Answer.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, having fully answered Plaintiff's Complaint for Damages, prays as follows:

1.  That this Court enter a judgment in favor of Defendants and against Plaintiff;

2.  That all costs are taxed against Plaintiff, and that Plaintiff recovers nothing;

3.  That Defendants have a trial by a jury of twelve (12) persons; and

4.  For other such further relief as this Court deems fair and equitable.

This 2nd day of December, 2021.

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

/s/ Jacquelyn Smith Clarke
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing **SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THE WENDY'S COMPANY and WENDY'S RESTAURANT #104** upon counsel for all parties by electronically filing the same with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys of record:

> Reginald A. Greene, Esq.
> Jasmine M. Cobbs, Esq.
> GREENE LEGAL GROUP LLC
> One Georgia Center, Suite 605
> 600 West Peachtree Street, N.W.
> Atlanta, Georgia 30308
> rgreene@greenelegalgroup.com
> jcobbs@greenelegalgroup.com

This <u>2nd</u> day of <u>December</u>, 2021.

> /s/ Jacquelyn Smith Clarke
> JACQUELYN SMITH CLARKE
> Georgia Bar No. 827145
> MICHAEL V. PROFIT
> Georgia Bar No. 359175

**HALL BOOTH SMITH, P.C.**                    *Counsel for Defendants*
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

ID# 2021-0156244-CV
📧 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
DEC 02, 2021 01:10 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON,

      Plaintiff,

v.

THE WENDY'S COMPANY,
WENDY'S RESTAURANT #104, and
LINDA L. CLAUSEN, AS TRUSTEE OF THE
JAMES G. AND RENEE M. LEVRATTO
TRUST,

      Defendants

CIVIL ACTION FILE NO.

21107533

---

### SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES OF
### WEN GEORGIA, LLC, D/B/A WENDY'S OF GEORGIA

---

COMES NOW, **WEN GEORGIA, LLC, D/B/A WENDY'S OF GEORGIA** (hereinafter "Wen Georgia, LLC"), appearing specially, and files this Special Appearance Answer and Affirmative Defenses to Plaintiff's Complaint, showing as follows.

By filing this Special Appearance Answer, Wen Georgia, LLC submits that it is the proper party in place of named Defendants The Wendy's Company and Wendy's Restaurant #104. A Joint Consent Motion for Substitution of Parties, filed November 2, 2021 with the Court, has been submitted to effectuate this procedural change. Wen Georgia, LLC files this Answer out of an abundance of caution and to avoid a default judgment, while the parties' Consent Motion is pending.

### <u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's alleged damages may have been directly and proximately caused by her own contributory and/or comparative negligence, and failure to exercise ordinary care.

### THIRD DEFENSE

No act or omission on the part of Wen Georgia, LLC, or any agent or employee of Wen Georgia, LLC, proximately caused the harm of which Plaintiff complains.

### FOURTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 51-11-7, as Plaintiff had the last clear chance to avoid injury by exercising ordinary care.

### FIFTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(1), due to the absence of subject matter jurisdiction over the events of this suit.

### SIXTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(2), due to the absence of personal jurisdiction over Wen Georgia, LLC.

### SEVENTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(3), due to improper venue.

### EIGHTH DEFENSE

Wen Georgia, LLC hereby raises all other affirmative defenses contained in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b).

## NINTH DEFENSE

Wen Georgia, LLC hereby raises the affirmative defenses contained in O.C.G.A. § 51-3-1, as Plaintiff was not an invitee at the time of the alleged incident and Wen Georgia, LLC upheld the applicable standard of care.

## TENTH DEFENSE

By way of response and answer to the specific allegations contained in Plaintiff's Complaint against Wen Georgia, LLC, and subject to all defenses set forth, Wen Georgia, LLC shows this Court as follows:

1.

Wen Georgia, LLC admits that the alleged incident allegedly giving rise to Plaintiff's Complaint occurred on October 10, 2019 at the Wendy's restaurant located at 11121 Tara Boulevard, Hampton, Georgia 30228. Wen Georgia, LLC denies all other allegations contained in Paragraph 1 of Plaintiff's Complaint.

## PARTIES, JURISDICTION, AND VENUE

2.

Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and states that Defendant The Wendy's Company is not a proper party to this action.

4.

Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and states that Defendant The Wendy's Company is not a proper party to this action.

5.

Wen Georgia, LLC denies the allegations contained in Paragraph 5 of Plaintiff's Complaint, and states that Defendant Wendy's Restaurant #104 is not a proper party to this action.

6.

Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Wen Georgia, LLC denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## **FACTUAL ALLEGATIONS**

8.

Wen Georgia, LLC admits that, at all times relevant to Plaintiff's Complaint, Wen Georgia, LLC managed and/or operated the subject Wendy's. Wen Georgia, LLC denies all other allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Wen Georgia, LLC denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Wen Georgia, LLC denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Wen Georgia, LLC denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Wen Georgia, LLC denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Wen Georgia, LLC admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## COUNT I
### (Negligence)

15.

Wen Georgia, LLC incorporates herein its responses to Paragraphs 1 through 14 of Plaintiff's Complaint, as if stated verbatim.

16.

Wen Georgia, LLC admits that, at all times relevant to Plaintiff's Complaint, Wen Georgia, LLC managed and/or operated the subject Wendy's. Wen Georgia, LLC denies all other allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Wen Georgia, LLC admits that, at all times relevant to Plaintiff's Complaint, Wen Georgia, LLC managed and/or operated the subject Wendy's, and invited thereto the general public. Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny all other allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Wen Georgia, LLC denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Wen Georgia, LLC denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Wen Georgia, LLC denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Wen Georgia, LLC denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Wen Georgia, LLC denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Wen Georgia, LLC denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Wen Georgia, LLC denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Wen Georgia, LLC is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Wen Georgia, LLC denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

To the extent the Paragraph starting with "Wherefore," following Paragraph 29 in Plaintiff's Complaint for Damages, requires a response, Wen Georgia, LLC denies the allegations therein, including all subparts, as well as any other allegations contained in Plaintiff's Complaint not otherwise addressed herein.

Wen Georgia, LLC denies any and all allegations not specifically admitted in this Answer.

## PRAYER FOR RELIEF

WHEREFORE, Wen Georgia, LLC, having fully answered Plaintiff's Complaint for Damages, prays as follows:

1.    That this Court enter a judgment in favor of Wen Georgia, LLC and against Plaintiff;

2.    That all costs are taxed against Plaintiff, and that Plaintiff recovers nothing;

3.    That Wen Georgia, LLC have a trial by a jury of twelve (12) persons; and

4.    For other such further relief as this Court deems fair and equitable.

This <u>2nd</u> day of <u>December</u>, 2021.

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

 /s/ Jacquelyn Smith Clarke
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing **SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES OF WEN GEORGIA, LLC, D/B/A WENDY'S OF GEORGIA** upon counsel for all parties by electronically filing the same with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This 2nd day of December, 2021.

/s/ Jacquelyn Smith Clarke
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

*Counsel for Defendants*

- 9 -

ID# 2021-0160097-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
DEC 10, 2021 10:06 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON,

     Plaintiff,

v.

WEN GEORGIA, LLC, D/B/A WENDY'S OF
GEORGIA, AND LINDA L. CLAUSEN, AS
TRUSTEE OF THE JAMES G. AND RENEE
M. LEVRATTO TRUST,

     Defendants.

CIVIL ACTION FILE NO.

21107533

---

## 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

---

     This is to certify that I have this day served counsel of record with a copy of the within and foregoing:

- **Defendant Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust's First Continuing Interrogatories to Plaintiff;**

- **Defendant Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust's First Requests for Production of Documents to Plaintiff; and**

- **Defendant Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust's First Requests for Admission to Plaintiff**

by emailing a true and correct copy of same, and filed **this** 5.2 Certificate of Discovery with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, GA 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This <u>10th</u> day of <u>December</u>, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/ Michael V. Profit*
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)

- 2 -

ID# 2021-0156863-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**
Angela Brown - 66
DEC 03, 2021 11:27 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON,

      Plaintiff,

v.

WEN GEORGIA, LLC, d/b/a WENDY'S OF
GEORGIA, and LINDA L. CLAUSEN,

      Defendants.

CIVIL ACTION FILE NO.

21107533

---

### ORDER GRANTING SUBSTITUTION OF PARTIES

Currently before the Court is Plaintiff and Defendants The Wendy's Company and Wendy's Restaurant #104's Joint Motion for Substitution of Parties. Having reviewed the parties' Motion, it is hereby **GRANTED**. Defendants The Wendy's Company and Wendy's Restaurant #104 shall be substituted with Wen Georgia, LLC, d/b/a Wendy's of Georgia.

All Complaints and Summons served on The Wendy's Company and Wendy's Restaurant #104 shall be deemed served on Wen Georgia, LLC, d/b/a Wendy's of Georgia.

Defendant Wen Georgia, LLC, d/b/a Wendy's of Georgia shall have thirty (30) days, from the filing date of the parties' Motion, to answer Plaintiff's Complaint for Damages and file any initial responsive pleadings. Defendant Wen Georgia, LLC, d/b/a Wendy's of Georgia shall have forty-five (45) days, from the filing date of the parties' Motion, to respond to Plaintiff's discovery requests, previously propounded on Defendants The Wendy's Company and Wendy's Restaurant #104.

The style of the case, set forth in this Order, shall reflect the above changes.

**SO ORDERED** this _3_ day of _December_, 2021.

_____
**Angela Z. Brown**, Judge
Superior Court of Cobb County

Respectfully submitted this 3rd day of November, 2021.

PREPARED BY:

**HALL BOOTH SMITH, P.C.**

_/s/ Jacquelyn Smith Clarke_
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

_Counsel for Defendants The Wendy's Company_
_and Wendy's Restaurant #104_

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

CONSENTED TO BY:

**GREENE LEGAL GROUP LLC**

_/s/ Jasmine M. Cobbs_
(with expressed permission by Jacquelyn Smith Clarke)
REGINALD A. GREENE
Georgia Bar No. 308674
JASMINE M. COBBS
Georgia Bar No. 117912

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing

**PROPOSED ORDER ON CONSENT MOTION FOR SUBSTITUTION OF PARTIES**

upon counsel for all parties by electronically filing the same with the Clerk of Court through

PeachCourt, which will automatically send an e-mail notification of such filing to the following

attorneys of record:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, GA 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This 3rd day of November, 2021.

*/s/ Jacquelyn Smith Clarke*
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145

*Counsel for Defendants The Wendy's Company
and Wendy's Restaurant #104*

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com

ID# 2021-0163294-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**21107533**

Angela Brown - 66
DEC 17, 2021 11:15 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON,

     Plaintiff,

v.

WEN GEORGIA, LLC, d/b/a Wendy's of
Georgia, and LINDA L. CLAUSEN, as Trustee
of the James G. and Renee M. Levratto Trust,

     Defendants.

CIVIL ACTION FILE NO.

21107533

---

### 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

---

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing

- **DEFENDANT WEN GEORGIA, LLC, D/B/A WENDY'S OF GEORGIA'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES; AND**

- **DEFENDANT WEN GEORGIA, LLC, D/B/A WENDY'S OF GEORGIA'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

by filing **this** 5.2 Certificate of Service of Discovery with the Clerk of Court through PeachCourt

and by emailing the same to undersigned counsel as follows:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This <u>17th</u> day of <u>December</u>, 2021.

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**


<u>*/s/ Michael V. Profit*</u>
MICHAEL V. PROFIT
Georgia Bar No. 359175

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
<u>mprofit@hallboothsmith.com</u>

ID# 2021-0165551-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
**21107533**
Angela Brown - 66
DEC 22, 2021 11:24 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

MELISHA SUTTON,

      Plaintiff,

v.

WEN GEORGIA, LLC, d/b/a Wendy's of
Georgia, and LINDA L. CLAUSEN, as Trustee
of the James G. and Renee M. Levratto Trust,

      Defendants.

CIVIL ACTION FILE NO.

21107533

---

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT LINDA L. CLAUSEN, AS TRUSTEE OF
## THE JAMES G. AND RENEE M. LEVRATTO TRUST

COMES NOW, **LINDA L. CLAUSEN, AS TRUSTEE OF THE JAMES G. AND RENEE M. LEVRATTO TRUST** (hereinafter "Defendant"), named as a Defendant in the above-styled civil action, and files this Answer and Affirmative Defenses to Plaintiff's Complaint, showing as follows.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's alleged damages may have been directly and proximately caused by her own contributory and/or comparative negligence, and failure to exercise ordinary care.

### THIRD DEFENSE

No act or omission on the part of this Defendant, or any agent or employee of this Defendant, proximately caused the harm for which Plaintiff complains.

## FOURTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 51-11-7, as Plaintiff had the last clear chance to avoid injury by exercising ordinary care.

## FIFTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(1), due to the absence of subject matter jurisdiction over the events of this suit.

## SIXTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(2), due to the absence of personal jurisdiction over the named Defendant.

## SEVENTH DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(3), due to improper venue.

## EIGHTH DEFENSE

Defendant hereby raises all other affirmative defenses contained in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b).

## NINTH DEFENSE

Defendant hereby raises the affirmative defenses contained in O.C.G.A. § 51-3-1, as Plaintiff was not an invitee at the time of the alleged incident and Defendant upheld the applicable standard of care.

## TENTH DEFENSE

By way of response and answer to the specific allegations contained in Plaintiff's Complaint against this Defendant, and subject to all defenses set forth, this Defendant shows this Court as follows:

1.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

## PARTIES, JURISDICTION, AND VENUE

2.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint. By way of further response, this Defendant states that non-party Linda L. Clausen is not a proper party to this action, and in accordance with the Court's November 30, 2021 Order Granting Substitution of Parties has been substituted by this Defendant.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

### 8.

Defendant admits that, at all times set forth in Plaintiff's Complaint, the Trust for which this Defendant serves as Trustee owned the property on which, and the building in which, the subject Wendy's was operating. Defendant denies all other allegations contained in Paragraph 8 of Plaintiff's Complaint.

### 9.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

### 10.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

### 11.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

### 12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

### 13.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

### 14.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## COUNT I
### (Negligence)

15.

Defendant incorporates herein her responses to Paragraphs 1 through 14 of Plaintiff's Complaint, as if stated verbatim.

16.

Defendant admits that, at all times set forth in Plaintiff's Complaint, the Trust for which this Defendant serves as Trustee owned the property on which, and the building in which, the subject Wendy's was operating. Defendant denies all other allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant admits that, at all times set forth in Plaintiff's Complaint, the Trust for which this Defendant serves as Trustee owned the property on which, and the building in which, the subject Wendy's was operating. Defendant is without knowledge or sufficient information to either admit or deny all other allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant is without knowledge or sufficient information to either admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

To the extent the Paragraph starting with "Wherefore," following Paragraph 29 in Plaintiff's Complaint for Damages, requires a response, Defendant denies the allegations therein,

including all subparts, as well as any other allegations contained in Plaintiff's Complaint not otherwise addressed herein.

Defendant denies any and all allegations not specifically admitted in this Answer.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Linda L. Clausen, as Trustee of the James G. and Renee M. Levratto Trust, having fully answered Plaintiff's Complaint for Damages, prays as follows:

1.  That this Court enter a judgment in favor of Defendant and against Plaintiff;

2.  That all costs are taxed against Plaintiff, and that Plaintiff recovers nothing;

3.  That Defendant have a trial by a jury of twelve (12) persons; and

4.  For other such further relief as this Court deems fair and equitable.

This 22nd day of December, 2021.

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

 /s/ Jacquelyn Smith Clarke
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, served a copy of the within and foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LINDA L. CLAUSEN, AS TRUSTEE OF THE JAMES G. AND RENEE M. LEVRATTO TRUST** upon counsel for all parties by electronically filing the same with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys of record:

Reginald A. Greene, Esq.
Jasmine M. Cobbs, Esq.
GREENE LEGAL GROUP LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

This 22nd day of December, 2021.

/s/ Jacquelyn Smith Clarke
JACQUELYN SMITH CLARKE
Georgia Bar No. 827145
MICHAEL V. PROFIT
Georgia Bar No. 359175

*Counsel for Defendants*

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000 / (404) 954-5020 (fax)
jclarke@hallboothsmith.com
mprofit@hallboothsmith.com

ID# 2022-0000260-CV
⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

21107533

Angela Brown - 66
JAN 03, 2022 10:41 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MELISHA SUTTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. 21107533 |
| | ) | |
| | ) | JURY TRIAL DEMAND |
| WEN GEORIGA, LLC, D/B/A WENDY'S | ) | |
| OF GEORIGA, and LINDA L. CLAUSEN, | ) | |
| AS TRUSTEE OF THE JAMES G. AND | ) | |
| RENEE M. LEVRATTO TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>NOTICE OF LEAVE OF ABSENCE</u>**

COMES NOW, Reginald A. Greene, and respectfully notifies all Judges before whom he has cases pending, all affected clerks of Court and all opposing counsel, that he will be on leave pursuant to Uniform Court Rule 16.  The periods of leave during which time applicant will be away from the practice of law are as follows: January 10, 2022, through and including January 14, 2022; March 17, 2022, through and including March 22, 2022; April 7, 2022, through and including April 8, 2022; April 28, 2022, through and including May 2, 2022; May 23, through and including May 27, 2022; June 27, 2022, through and including July 1, 2022; October 17, 2022 through and including October 21, 2022; November 21, 2022, through and including November 25, 2022; and December 19, 2022 through and including December 23, 2022.  The purpose for the leave is for personal family vacation or out-of-state legal conferences, as the case may be.  All affected Judges and opposing counsel shall have ten days from the date of this Notice to object to it.  If no objections are filed, then leave shall be granted.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 3rd day of January, 2022.

**GREENE LEGAL GROUP LLC**

By: *_/s/ Reginald A. Greene_*
Reginald A. Greene
Georgia Bar No. 308674
Attorney for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com

2